## Commonwealth v. Beckwith Machinery Company, Appellant.

Argued May 28, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD and JONES, JJ.

reargument refused August 1, 1957.

*Carl F. Chronister,* with him *Joseph C. Robinson* and *Reed, Smith, Shaw & McClay,* for appellant.

*George W. Keitel,* Deputy Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY MR. JUSTICE MUSMANNO, June 28, 1957:

This is an appeal from a judgment of the Court of Common Pleas of Dauphin County sustaining an increase in the franchise tax liability of the Beckwith Machinery Company which resulted from a resettlement of the Company's tax account made under the provisions of Section 1105 of The Fiscal Code of 1929, P. L. 343, as amended, 72 PS §1105.

The Beckwith Machinery Company is a Delaware corporation, doing business in Pennsylvania. As such, it filed its franchise tax report for the year 1952, including a sworn appraisal of the value of its capital stock by its officers in the amount of $1,700,000. After a resettlement conference, the taxing officers fixed the value of the company's capital stock at $1,800,000 for 1952. This valuation was accepted by the Company, it being understood that the Company would forego its right to file a petition for resettlement under Section 1102 of the Fiscal Code contesting the $1,800,000 valuation. Accordingly, on September 18, 1953, settlement of the company's franchise tax was made on the $1,800,000 valuation, with a resultant tax liability of $8,722.39.

On September 15, 1955, however, the Secretary of Revenue, with the approval of the Auditor General resettled the tax under Section 1105, based on a valuation of company's capital stock at $2,300,000 and assessed taxes in the amount of $11,145.27.

The defendant company petitioned for review by the Board of Finance and Revenue which was refused. It then took an appeal to the Dauphin County Common Pleas Court, where the case was tried without a jury, most of the facts having been agreed upon and set forth in a stipulation. The lower court entered judgment for the Commonwealth. An appeal to this Court followed.

The Company first argues that Section 1105 of the Fiscal Code, permitting the resettlement of tax accounts, constitutes an unlawful delegation of power by the legislature to the taxing departments. We have, however, already answered this argument in *Commonwealth v. Progress Manufacturing Company*, 389 Pa. 600, in an opinion handed down this date. For the reasons set forth in our opinion in that case, which we incorporate herein, we conclude that section 1105 is constitutional.

Defendant company further contends that even if section 1105 can be held constitutionally to give to the taxing officers of the Commonwealth the power to resettle its tax account, this still would amount to an unconstitutional denial of due process in the instant case because: "The use of plenary and unlimited power by the taxing officers in the resettlement of appellant's franchise tax was so unreasonable and oppressive as not to come within the constitutional requirement of due process of law." This argument is predicated on the false premise that resettlement can be made only if the original settlement was based on fraud, mistake of law or fact. *Section 1105, however, contains no such*

*conditions.* As we stated in our opinion in *Commonwealth v. Progress Manufacturing Company,* a resettlement is proper where the original settlement was based on an improper valuation. We can find no limitations in the Fiscal Code as those contended for by the Company. So long as the two year period from the date of the original settlement has not elapsed, the taxing authorities may properly take steps to correct its original settlement. Therefore, there was no burden upon the Commonwealth to prove that the original settlement was erroneous. Whether or not section 1105 can be construed as providing for an indefinite number of resettlements and whether or not such a provision would be constitutional are issues not here decided, they having no pertinency to the matters here involved.

The Company has submitted no evidence in support of its charge that the resettlement was "oppressive". It does not challenge the amount of the valuation placed upon its capital stock, though the remedy of appeal with hearing de novo was provided as the means of contesting the amount of the valuation. (Section 1104 of the Fiscal Code, 72 PS §1104). As we stated in *Commonwealth v. Progress Manufacturing Company,* supra: "This procedure does not work any injustice or hardship on the company since it knew at the time of the original settlement that a resettlement was possible any time within the following two years."

The judgment of the Court below is affirmed.

Mr. Justice Bell dissents.